## GOUGE v. GOUGE.

(Supreme Court, Appellate Division, First Department. February 11, 1898.)

1. CONTRACT WITH WIFE—ENFORCEMENT—CONSIDERATION.

　　In an action brought by a husband to recover from his wife one-half of the net proceeds of a sale of certain real estate owned by her, and bought with her own money, his claim resting on an alleged agreement made after the land was acquired by the wife, *held*, that such a contract, if enforceable at all, would have to be based upon a good and valuable, and not merely a meritorious, consideration.

2. SAME—EVIDENCE.

　　To entitle one to specific performance of an oral contract partly performed, for an interest in the proceeds derived from a sale of lands owned by another, it is absolutely essential in every case that the contract between them should not only be clearly proved, but that its terms and conditions should be made reasonably certain.

Appeal from court of common pleas, trial term.

Action by Henry A. Gouge against Margaret K. B. Gouge. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Oscar Frisbee, for appellant.
Lester W. Clark, for respondent.

McLAUGHLIN, J. This action was brought to recover one-half of the net proceeds realized from the sale of certain real estate. The plaintiff predicated his right to recover upon an oral agreement alleged to have been made between him and defendant, which in substance was

that she would purchase the real estate, and, whenever she sold the same, she would pay to him one-half of all she received after deducting the purchase price. The defendant denied making the agreement. The trial court, after hearing the evidence of both of the parties, dismissed the complaint; and in so doing, we think, no error was committed. There is little dispute between the parties as to the facts. In 1873, the defendant, the widow of one Russell Bates, and from whose estate she was then receiving, and has since received, an income, married this plaintiff, and, as husband and wife, in 1879, they went into possession, as tenants, of the real estate referred to in the complaint. Soon after their occupancy commenced, proceedings were instituted to foreclose a mortgage then thereon, which were prosecuted to, and resulted in, a judgment directing a sale. The plaintiff attended the sale, and bid in the property for the defendant. The memorandum of sale was signed by him for her, and she thereafter received a deed from the referee. The entire consideration was paid by her, a portion of it with money borrowed upon her note from her former husband's estate, and the balance by a purchase-money mortgage. The plaintiff did not pay one cent towards the consideration, and he assumed no obligations whatever in reference to or in any way connected with the purchase. It is therefore impossible for us to see upon what theory it could be supposed that the plaintiff had any right to a portion of the proceeds of the sale of this property, which could be enforced either at law or in equity.

It will be observed that the plaintiff does not claim that any arrangement was made between him and the defendant prior to or at the sale, and the trial court found that no such arrangement was made, which finding was entirely satisfactory to the plaintiff, since no exception appears to have been taken to it. The alleged agreement, then, if made at all, was made after the sale, and the record fails to disclose even a suggestion that there was any consideration to support it. Such a contract, if it could be enforced in any event, would have to be based upon a good and valuable consideration. A meritorious consideration alone would not be sufficient. Wilbur v. Warren, 104 N. Y. 196, 10 N. E. 263. The alleged agreement, according to plaintiff's own testimony, is vague and unsatisfactory throughout. It is uncertain in every respect. It lacks every element necessary to enable the court to enforce a specific performance. To entitle one to a specific performance of an oral contract partly performed for the purchase and sale of land, or for an interest in the proceeds derived from a sale, it is absolutely essential in every case that the contract not only should be clearly proved, but that its terms and conditions should be made reasonably certain. Dunckel v. Dunckel, 141 N. Y. 427, 36 N. E. 405. The plaintiff's own evidence, if we accord to it the most favorable consideration possible, utterly fails to establish a contract of this character.

The judgment was right, and should be affirmed, with costs. All concur.